IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:21-CR-85 |
| | ) | |
| ROMIO XAVIER HAWKINS | ) | |

**DEFENDANT'S  SENTENCING  MEMORANDUM**

Comes now the Defendant, Romio Hawkins, by counsel, James N. Thiros, and submits the following memorandum for the Court's consideration in fashioning a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 USC § 3553(a)2.  At sentencing the Defendant will be requesting a sentence of 180 months incarceration, which is the statutory minumum.

**SENTENCING STATUTES AND ADVISORY GUIDELINES**

Pursuant to statute, Romio Hawkins faces a minimum sentence of 15 years incarceration with a maximum sentence of 30 years, and a fine of $250,000.00. Regarding the sentence guidelines, the Defendant has raised an objection with respect to the calculations as it relates to acceptance of responsibility. However, it appears that even if the Court awards Romio Hawkins acceptance of responsibility, the advisory sentence guideline range would still be 360 months.  As described below however, the guideline range is just one of a number of factors this Court is to consider in determining an appropriate sentence, and the Court should give the guideline range

1

little weight because it is the result of a flawed and widely criticized set of guideline provisions.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Romio Hawkins has plead guilty to a one count information of production of child pornography, in violation of 18 USC § 2251(a). The offense conduct appears to be limited to Jane Doe 1 and Jane Doe 2, during a 2 to 3 month period in calender year 2021. The government has not indicated it has discovered evidence of any additional child pornography production by Romio Hawkins. The presentence report references a single instance in which Romio had sexual contact with 16 year old Jane Doe 1. There is no evidence in this case that he engaged in sexual activity with 4 year old Jane Doe 2 or any other minor child. In his custodial interview with law enforcement on March 24, 2021, the Defendant admitted his involvement in the production of child pornography and acknowledged that he engaged in this wrongful activity as part fantasy and inability to control his impulsive behavior.

Prior to the commencement of this child pornography offense, Romio Hawkins had no criminal convictions whatsoever. He had one juvenile arrest which resulted in an informal adjustment, and two adult arrests for misdemeanor offenses. As will be discussed later in this memorandum, despite the complete lack of pointable criminal history, the guideline sentence recommendation for this offense exceeds the statutory maximum of 30 years, even if the Court were to award Romio Hawkins acceptance of responsibility.

It appears that Romio Hawkins has a lengthy history of mental health issues, which likely were exacerbated by the divorce of his parents and physical and emotional abuse he experienced later in life. As a child, he was diagnosed with Asperger's Syndrome, which is now referred to as Autism Spectrum Disorder (ASD). Since from approximately the age of 5, the Defendant has undergone various forms of treatment and counseling, including psychotropic medications. He has attempted suicide on more than one occasion and as recently as June 2021 expressed suicidal thoughts. A forensic psychological evaluation of Romio Hawkins was conducted by Dr. John Heroldt at the Hammond City Jail. Dr. Heroldt was provided relevant information concerning the offense conduct, so he was aware of the electronic messages and communications between the Defendant and the victim, "Jane Doe 1." In his report Dr. Heroldt concluded that Romio suffers from several different diagnosis, including major depressive disorder and pedophilic disorder. He opines that incarceration may lead to amelioration of the pedophilic disorder because Romio will not have access to pornographic materials that drives and stimulates this disorder.

Although he did not obtain a traditional high school diploma from Portage High School, he did later earn a G.E.D. in California and later earned college credits through Central Texas College. It appears that the Defendant was employed at the time of his arrest on the instant offense and had sporadic work assignments from 2016 through 2021. It seems fair to conclude that Romio's struggles with depression and autism contributed to his inability to maintain steady employment.

3

**NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS
OF THE OFFENSE, TO PROMOTE RESPECT FOR THE LAW,
AND TO PROVIDE JUST PUNISHMENT**

When sentencing a defendant, the Court must first calculate the guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 USC § 3553(a). *Nelson v. United States* 555 U.S. 350, at 351 (2009). Importantly, the application of the criteria set forth in § 3553(a) to the facts and circumstances of the particular case of Romio Hawkins is paramount. The Defendant respectfully submits that consideration of those criteria demonstrates that a term of imprisonment of 180 months, or the statutory minimum of 15 years, is an appropriate sentence in this case.

The guideline provisions applicable in this case have been widely and repeatedly criticized by courts, scholars, and even the United States Sentencing Commission itself. See *U.S. v. Henderson* 649 F3d 955, 963 (9th Circuit 2011) (noting that "similar to the crack cocaine guidelines, district courts may vary from the child pornography guidelines, § 2G2.2, based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case"); *U.S. v. Dorvee* 616 Fd 174, 184-188 (2d Circuit 2010) (stating that the child pornography "guideline is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires" and engaging in an in-depth analysis of the various flaws, including the irrationality of certain enhancements.). A fundamental criticism that has lead courts to

4

give the provisions of § 2G2.2 little weight is the fact that unlike other components of

the guidelines, these provisions " did not result from careful study based on emperical

analysis and national experience, but are the result of congressional mandates." *U.S. v.*

*Biddle* 2014 U.S. Dist. Lexis 143733 at ¶ 15. (N.D. Ind. October 9 2014). Unfortunately,

but not necessarily surprisingly, guidelines based primarily on the directives of

individuals seeking to maintain elected office resulted in a sentencing scheme that

produces unduly harsh guideline ranges for many offenders. The Seventh Circuit has

acknowledged this criticism of § 2G2.2 and recognizes the ability of the district courts to

take that criticism into account when determining a defendant's sentence. See *U.S. v.*

*Price*, 775 Fd 828, 841 (7th Circuit 2014) (Affirming below guidelines sentence for

possession and production offenses, acknowledging that the District Court "exercised

her discretion to consider the scholarly and judicial criticism of the guidelines for child

pornograpy offenses" and explaining that "We have said before that the concerns

expressed in *Dorvee* can certainly be taken into account by district judges when

exercising their sentencing discretion under the now advisory guidelines").

The individual sentencing enhancements of § 2G2.2 have garnered particular

criticism. Most of these enhancements, including several present in this case, have failed

to evolve to reflect changes in and widespread use of technology. The result is that the

various enhancements apply in nearly every case, and as a result "produce a sentence

approaching the statutory maximum, even for an offender with no prior record, based

solely on characteristics that are all but inherent to the crime of conviction, and

approach fundamentally inconsistent with § 3553(a)". *U.S. v. Diaz* 720 F Supp 2d 1039,

at 1042 (E.D. Wis. 2010). The guidelines are flawed not only because they are duplicative and draconian, but most critically because they apply to almost all offenders allowing no distinction between aggravated and less aggravated behavior. Enhancements for use of a computer and age of the children in the material were found applicable in greater than 96% of all sentences under 2G2.2 in fiscal year 2009. *USSC report to the Congress: Federal Child Pornography Offenses* (December 2012).

Romio Hawkins has committed a serious offense and knows that he must be punished for his wrongful behavior. In formulating a sentence that reflects the seriousness of the offense, the Court is requested to consider that a 15 year sentence is very lengthy and that regardless of the facility to which he is designated for service of the sentence,  his offense will be known by other prisoners and that the time served in prison will be more stressful and dangerous than that of other inmates whose offenses are not known to others. A term of 15 years will be more than sufficient to achieve the goals of specific and general deterrence. Mr. Hawkins has not previously been incarcerated for any extended period of time and the deprivation of his liberty for this lengthy period should be sufficient to dissuade him from engaging in this terrible behavior again. A sentence of this length would also be more than sufficient to protect the public form further crimes committed by Romio Hawkins given that he has no prior history of committing child sex offenses or sex offenses of any sort. As mentioned earlier in this memo, incarceration may reduce his pedophilic impulses in that he will not have access to pornographic materials which stimulates this disorder.

Also of importance is 18 USC § 3553(a)(6), which directs the Court to avoid unwarranted disparities when sentencing defendants with similar records and who

have been found guilty of similar offenses. While every case presents unique facts and circumstances, courts, including this one, have sentenced defendants who have engaged in conduct similar to that of Romio Hawkins to below guidelines sentences. *U.S.A. v. Yednak* 2:22-CR-7-PPS-JPK (N.D. IN). In *Yednak* the defendant plead guilty to 2 counts of production of child pornography, and his offense involved many of the same enhancements found in Romio Hawkins' plea agreement. Ultimately this Court sentenced him to the minimum 15 year sentence, which arguably is a reasonable sentence in the present case.

## CONCLUSION

Although his offense conduct is reprehensible, Romio Hawkins does not deserve the maximum sentence as provided by statute and recommended by the guidelines. A 180 month sentence is sufficient, but not greater than necessary, to achieve the purposes of sentencing. Hopefully he will be afforded necessary psychological treatment to address his depression and other mental health issues, and vocational training to assist in his reintegration to society. He respectfully requests the Court to recommend to the Bureau of Prisons that he be designated to FCI Fort Dix, which is near where his father is currently stationed, and appears to have appropriate psychiatric care. He also requests credit for all time he has been detained pending disposition of this cause.

Respectfully submitted,

 s/JAMES N. THIROS
James N. Thiros #14408-45
Thiros and Thiros, P.C.
200 E. 90th Drive
Merrillville, Indiana 46410
Ph. (219) 769-1600

7

Fax (219) 738-3769
E-mail: jim@thiros.com

## CERTIFICATE OF SERVICE

I certify that on July 8, 2022, I filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which  sent notification of such filing to Assistant United States Attorney, Abizer Zanzei.

s/JAMES N. THIROS
James N. Thiros #14408-45
Thiros and Thiros, P.C.
200 E. 90th Drive
Merrillville, Indiana 46410
Ph. (219) 769-1600
Fax (219) 738-3769
E-mail: jim@thiros.com